## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

SHARON DOBY,                                 )
                                             )
                    Plaintiff,               )
                                             )
            vs.                              )
                                             )
DYCK O'NEAL, INC.,                           )
and TRANS UNION, LLC;                        )
                                             )
                    Defendants.              )

## COMPLAINT

### INTRODUCTION

1.      Plaintiff Sharon Doby  brings this action to secure redress against unlawful collection and credit reporting practices engaged in by defendant Dyck O'Neal, Inc.,  and improper credit reporting by defendant Trans Union LLC ("Trans Union").

2.      Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), the Fair Credit Reporting Act, 15 U.S.C. §1681 et seq. ("FCRA"), and the Illinois Collection Agency Act, 225 ILCS 425/1 et seq. ("ICAA").

### JURISDICTION AND VENUE

3.      This Court has jurisdiction under 28 U.S.C. §§1331, 1337 and 1367 and 15 U.S.C. §§1681p (FCRA) and  1692k (FDCPA).

4.      Venue and personal jurisdiction over defendants in this District is proper because defendants' actions impacted plaintiff here, and because a material part of the events occurred here.

### PARTIES

5.      Plaintiff Sharon Doby  is an individual who resides in the Northern District of Illinois.

6.      Defendant Dyck O'Neal, Inc., is a corporation chartered under Texas law with its

1

principal place of business at 6060 N. Central Expressway, Suite 200, Dallas, Texas 75206. Its registered agent is Bruce Nozick at that address.

7.      Dyck O'Neal, Inc., is engaged in the business of acquiring delinquent or defaulted mortgage loans and seeking to collect them, using the mails and telephone system for that purpose.

8.      Dyck O'Neal, Inc., holds itself out on its web site as "the premier partner in the investment, management and equitable resolution of distressed and under-managed real estate debt . . ."      (http://dyckoneal.com/b2b/)

9.      Dyck O'Neal, Inc., is a debt collector as defined in the FDCPA.

10.      Dyck O'Neal, Inc., is a collection agency subject to the ICAA and holds a license from the state of Illinois as such.

11.      Defendant Trans Union is a limited liability company organized under Delaware law with its principal place of business at 555 W. Adams, Chicago, Illinois 60661.  It operates a national consumer reporting agency (credit bureau).

## FACTS

12.      In September 2007, plaintiff filed a Chapter 7 bankruptcy in the Northern District of Illinois, case 07-17384.  Plaintiff obtained a discharge in January 2008.  (Exhibit A)

13.      Among the debts scheduled and discharged was a residential second mortgage loan obtained for personal, family or household purposes, namely housing.  At the time, it was serviced by Litton.  (Exhibit B)

14.      Litton was duly notified by the Bankruptcy Court (Exhibit A).

15.      Dyck O'Neal, Inc. acquired the second mortgage on or about October 15, 2008, after it was (a) delinquent and (b) discharged.

16.      In August 2015, Dyck O'Neal, Inc., reported the mortgage to the major credit bureaus, including at least Equifax and Trans Union, as (a) having a current balance of over $90,000, (b) not included or discharged in bankruptcy, and (c) being 120 days late.

17.     A copy of plaintiff's Trans Union "tradeline" is attached as <u>Exhibit C</u>.

18.     A copy of plaintiff's Equifax "tradeline" is attached as <u>Exhibit D</u>.

19.     Plaintiff discovered Dyck's inaccurate reporting after having several loans denied, including a mortgage refinance application.   Plaintiff was unable to refinance her mortgage due to Dyck's false credit reporting.

20.     Plaintiff disputed the reporting of a positive balance on a discharged debt with the credit bureaus.

21.     The credit bureaus contacted Dyck O'Neal, Inc., in the course of investigating plaintiff's dispute, and asked Dyck O'Neal, Inc., to investigate if the information reported was correct.

22.     Dyck O'Neal, Inc., responded that the information reported was correct, as set forth in Trans Union's response to plaintiff, attached as <u>Exhibit C</u>, and Equifax' response to plaintiff, attached as <u>Exhibit D</u>.

23.     Such response was false.  The balance owed was zero, the debt had been discharged, and the debt was not 120 days past due.

24.     Trans Union continues to report the item to the present.  (<u>Exhibit E</u>)

25.     Trans Union knew or could readily have determined that Dyck O'Neal's response was false.  Its  own credit reports refer to plaintiff's bankruptcy.  The docket sheets to the bankruptcy (<u>Exhibit F</u>) show that two debts were reaffirmed.  The reaffirmations are part of the court file (<u>Exhibits G-H</u>) and concern different debts.

26.     The purpose of the credit reporting by Dyck was to attempt to collect the discharged debt.  Reporting a debt to a credit bureau is "a powerful tool designed, in part, to wrench compliance with payment terms. . . ." *Rivera v. Bank One*, 145 F.R.D. 614, 623 (D.P.R. 1993).

27.     In late September 2015 Dyck called for the purpose of dunning plaintiff on the discharged debt on at least two occasions.

28.     As a result, plaintiff was harassed and deprived of her "fresh start."  Plaintiff also suffered damages in the form of credit denials and increased interest payments.  Plaintiff was unable to consolidate some of her credit rate debt into a lower rate loan as a result of Dyck's improper reporting.  In addition, plaintiff was attempting to refinance her mortgage because of an interest rate adjustment that increased her rate by 4%, costing her approximately $500 per month in additional interest.  This has resulted in extreme emotional distress, worry, lost sleep and aggravation for plaintiff.

29.     The conduct complained of is part of a pattern of similar conduct by Dyck.  *E.g., Hernandez v. Dyck-O'Neal, Inc.*, 3:14cv1124, 2015 WL 2094263 (M.D.Fla., May 5, 2015).

30.     Substantial punitive damages are necessary to prevent further improper collection activities by Dyck.

### COUNT I  – FDCPA

31.     Plaintiff incorporates paragraphs 1-30.

32.     This claim is against Dyck.

33.     Defendant Dyck O'Neal violated  15 U.S.C. §§1692e, 1692e(8) and 1692e(10) by providing false information to credit bureaus for the purpose of collecting a discharged debt.

34.     Section 1692e provides:

**§ 1692e.        False or misleading representations [Section 807 of P.L.]**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**

**(8)     communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed. . . .**

**(10)    the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and

4

against defendant Dyck O'Neal, Inc., for:

   a.    Actual damages;

   b.    Statutory damages;

   c.    Attorney's fees, litigation expenses and costs of suit;

### COUNT II – FCRA

35.    Plaintiff incorporates paragraphs 1-30.

36.    This claim is against Dyck.

37.    Dyck O'Neal, Inc. violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-2(b), by providing false information to the credit bureaus when they contacted Dyck O'Neal, Inc. in response to plaintiff's complaints.

38.    Section 1681s-2(b) provides:

**(b) Duties of furnishers of information upon notice of dispute.**

**(1) In general. After receiving notice pursuant to section 611(a)(2) [15 USC §1681i(a)(2)] of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall**

**(A) conduct an investigation with respect to the disputed information;**

**(B) review all relevant information provided by the consumer reporting agency pursuant to section 611(a)(2) [15 USC §1681i(a)(2)];**

**(C) report the results of the investigation to the consumer reporting agency; and**

**(D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis.**

**(2) Deadline. A person shall complete all investigations, reviews, and reports required under paragraph (1) regarding information provided by the person to a consumer reporting agency, before the expiration of the period under section 611(a)(1) [15 USC §1681i(a)(1)] within which the consumer reporting agency is required to complete actions required by that section regarding that information.**

5

39.     Dyck O'Neal, Inc. committed such violations willfully or negligently, thereby violating 15 U.S.C. §1681n and/or §1681o.

40.     Section 1681n provides:

**§1681n.  Civil liability for willful noncompliance**

**(a) In general.  Any person who willfully fails to comply with any requirement imposed under this title  with respect to any consumer is liable to that consumer in an amount equal to the sum of–**

> **(1)**

>> **(A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $ 100 and not more than $ 1,000; or**

>> **(2) such amount of punitive damages as the court may allow; and**

>> **(3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court. . . .**

41.     Section 1681o provides:

**§1681o.  Civil liability for negligent noncompliance**

**(a) In general.  Any person who is negligent in failing to comply with any requirement imposed under this title  with respect to any consumer is liable to that consumer in an amount equal to the sum of--**

>> **(1) any actual damages sustained by the consumer as a result of the failure;**

>> **(2) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.**

WHEREFORE, plaintiff requests that the Court enter judgment in her favor and against Dyck O'Neal, Inc. for:

a.     Appropriate actual, punitive and statutory damages;

b.     Attorney's fees, litigation expenses and costs of suit;

c.     Such other or further relief as the Court deems proper.

## COUNT III – ILLINOIS COLLECTION AGENCY ACT

42.     Plaintiff incorporates paragraphs 1-30.

43.     This claim is against Dyck.

44.     Defendant violated the following provisions of 225 ILCS 425/9:

> **. . . (13) Disclosing or threatening to disclose information adversely affecting a debtor's reputation for credit worthiness with knowledge the information is false. . . .**
>
> **(20) Attempting or threatening to enforce a right or remedy with knowledge or reason to know that the right or remedy does not exist. . . .**
>
> **(26) Misrepresenting the amount of the claim or debt alleged to be owed. . . .**
>
> **(31) Engaging in dishonorable, unethical, or unprofessional conduct of a character likely to deceive, defraud, or harm the public.**

45.     A private right of action exists for violation of the ICAA.  *Sherman v. Field Clinic*, 74 Ill. App. 3d 21, 392 N.E.2d 154 (1st Dist. 1979).

WHEREFORE, plaintiff requests that the Court grant the following relief in favor of plaintiff and against defendant:

a.      Compensatory and punitive damages;

b.      Costs.

c.      Such other and further relief as is appropriate.

## COUNT IV  –  FCRA CLAIM AGAINST TRANS UNION

46.     Plaintiff incorporates paragraphs 1-30.

47.     This claim is against Trans Union.

48.     Under the Fair Credit Reporting Act, 15 U.S.C. §1681i, Trans Union was required to conduct a reasonable investigation if a consumer such as plaintiff disputes the accuracy of an item on her credit report.

49.     Section 1681i provides:

**§1681i.  Procedure in case of disputed accuracy**

7

**(a) Reinvestigations of disputed information.**

> **(1) Reinvestigation required.**
>
> > **(A) In general.** If the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly of such dispute, the agency shall reinvestigate free of charge and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer.
> >
> > **(B) Extension of period to reinvestigate.** Except as provided in subparagraph (C), the 30-day period described in subparagraph (A) may be extended for not more than 15 additional days if the consumer reporting agency receives information from the consumer during that 30-day period that is relevant to the reinvestigation.
> >
> > **(C) Limitations on extension of period to reinvestigate.** Subparagraph (B) shall not apply to any reinvestigation in which, during the 30-day period described in subparagraph (A), the information that is the subject of the reinvestigation is found to be inaccurate or incomplete or the consumer reporting agency determines that the information cannot be verified.
>
> **(2) Prompt notice of dispute to furnisher of information.**
>
> > **(A) In general.** Before the expiration of the 5-business-day period beginning on the date on which a consumer reporting agency receives notice of a dispute from any consumer in accordance with paragraph (1), the agency shall provide notification of the dispute to any person who provided any item of information in dispute, at the address and in the manner established with the person. The notice shall include all relevant information regarding the dispute that the agency has received from the consumer.
> >
> > **(B) Provision of other information from consumer.** The consumer reporting agency shall promptly provide to the person who provided the information in dispute all relevant information regarding the dispute that is received by the agency from the consumer after the period referred to in subparagraph (A) and before the end of the period referred to in paragraph (1)(A). . . .
>
> **(4) Consideration of consumer information.** In conducting any reinvestigation under paragraph (1) with respect to disputed information in the file of any consumer, the consumer reporting agency shall review and consider all relevant information submitted by the consumer in the period described in paragraph (1)(A) with respect to such disputed information.
>
> **(5) Treatment of inaccurate or unverifiable information.**

**(A) In general. If, after any reinvestigation under paragraph (1) of any information disputed by a consumer, an item of the information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall promptly delete that item of information from the consumer's file or modify that item of information, as appropriate, based on the results of the reinvestigation. . . .**

50.     Trans Union willfully or negligently (a)  failed to take reasonable measures to investigate plaintiff's dispute and (b) failed to correct plaintiff's credit report.

51.     Trans Union violated 15 U.S.C. §1681n and/or §1681o.

52.     Section 1681n provides:

**§1681n.  Civil liability for willful noncompliance**

**(a) In general.  Any person who willfully fails to comply with any requirement imposed under this title  with respect to any consumer is liable to that consumer in an amount equal to the sum of–**

> **(1)**

>> **(A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $ 100 and not more than $ 1,000; or**

> **(2) such amount of punitive damages as the court may allow; and**

> **(3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court. . . .**

53.     Section 1681o provides:

**§1681o.  Civil liability for negligent noncompliance**

**(a) In general.  Any person who is negligent in failing to comply with any requirement imposed under this title  with respect to any consumer is liable to that consumer in an amount equal to the sum of--**

> **(1) any actual damages sustained by the consumer as a result of the failure;**

> **(2) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.**

WHEREFORE, plaintiff requests that the Court enter judgment in her favor and against Trans Union for:

   a.  Appropriate actual, punitive and statutory damages;

   b.  Attorney's fees, litigation expenses and costs of suit;

   c.  Such other or further relief as the Court deems proper.

         s/ Daniel A. Edelman
         Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Tara L. Goodwin
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service:  courtecl@edcombs.com

## JURY DEMAND

  Plaintiff demands trial by jury.

         s/ Daniel A. Edelman
         Daniel A. Edelman

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.


s/ Daniel A. Edelman
Daniel A. Edelman


Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
      & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

11

## **DOCUMENT PRESERVATION DEMAND**

Plaintiff hereby demands that defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

s/ Daniel A. Edelman
Daniel A. Edelman

12